UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA Plaintiff

v. Criminal Action No. 4:18-CR-0007

WAYLON D. BUTLER Defendant

* * * * *

**MEMORANDUM OPINION & ORDER**

Defendant Waylon D. Butler, pro se, moves for a Motion to Clarify Judgment seeking the Court to "declare that my revocation portion of my sentence be served first, and then direct the B[ureau] O[f] P[risons ("BOP")] not to treat my sentences as aggregated for purposes of 18 U.S.C. [§] 3632(d)(4)(D) so that the subsection does not bar the defendant from earning time credits once the revocation is concluded." [DE 42 at 166]. The United States has not responded, and the time for doing so has passed. For the reasons below, Butler's Motion to Clarify Judgment [DE 42] is **DENIED**.

**BACKGROUND**

On February 26, 2020, Butler was sentenced on six counts of distribution of methamphetamine pursuant to a Rule 11(c)(1)(C) plea agreement. [DE 39 at 148]. Butler was committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of 144 months as to each of Counts 1 through 6 in the Indictment, to be served concurrently, for a total term of 144 months imprisonment. [*Id.* at 149]. His term of imprisonment was ordered to "run consecutively to the sentence of imprisonment the Defendant is presently serving in Henderson Circuit Court, Case Number 19-CR-00364." [*Id.*]. Pursuant to the plea agreement, the 144 month sentence in this case was also requested by the parties to "run consecutively to the anticipated term

of imprisonment on the revocation of the defendant's supervised release in Case Number 4:06-CR-00009 (WDKY)." [DE 36 at 124].

Butler is currently housed at FCI-Sandstone in Sandstone, Minnesota. *See* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited November 17, 2026).

Butler now requests the Court to direct the BOP not to aggregate his revocation sentence, which included a firearm offense in furtherance with a drug trafficking crime, and his federal drug crime sentence so as not to bar his earning good time credits.

## ANALYSIS

### A. Jurisdiction

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582(c)(1)(A) grants that authority in certain limited circumstances for extraordinary and compelling reasons or for specific reasons after age 70 which do not apply here. Additionally, Butler specifically states that he "does not seek to modify, reduce, or correct the 180-month term in any respect, does not invoke 18 U.S.C. 3582(c) and does not challenge the validity of either conviction…" [DE 42 at 165]. While the motion could be interpreted as a request to modify the sentence to avoid aggregation of the sentence, the Court notes that the sentences of conviction and revocation were entered separately so any aggregation by BOP would be a request to modify the execution of the sentence not the sentence itself.

Instead, the motion appears to be a post-conviction motion attacking the execution of a sentence. These types of motions, however, must be brought in a petition pursuant to 28 U.S.C.

§ 2241 in the district where the defendant is incarcerated or in a regional BOP office. *See* 28 U.S.C. §§ 2241, 2255. Butler's Motion attacks the aggregation of his sentence by BOP preventing him from earning good time credits while serving the non-revocation portion of his sentence. [DE 42 at 166]. He does not challenge the sentence itself. [DE 42 at 165]. As such, Butler may only seek such relief through a § 2241 habeas petition, and he may only file such petition in the federal court located in the district in which he is incarcerated, or where a regional BOP office is located.[1] *United States v. Powell*, No. 5:11-CR-75-JMH-1, 2019 WL 1521972, at *1 (E.D. Ky. Apr. 8, 2019). Because he has failed to bring this motion via a § 2241 petition and his place of incarceration is not in this judicial district, this Court lacks jurisdiction to provide the requested relief.

**B. Authority to Calculate FSA Credits Rests with the BOP**

Even if the Court had jurisdiction to consider the merits of Butler's motion, it appears Butler's motion may be without merit. "When sentencing criminal defendants, federal district courts do not determine the appropriate credit for time spent in official detention." *Id.* (citing *United States v. Wilson*, 503 U.S. 329, 333 (1992)). The United States Attorney General, acting through the BOP, administers a federal defendant's sentence and initially has the exclusive authority to determine when a federal sentence commences and to compute sentence credit awards

[1] Before seeking habeas relief under Section 2241, an individual must first exhaust administrative remedies within the BOP. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). If an individual feels the BOP has unfairly denied credit toward the sentence imposed, the individual may pursue administrative review of the computation of the credit. *See Wilson*, 503 U.S. at 335 (citing 28 C.F.R. §§ 542.10-542.16). The purpose of the exhaustion requirement is to (1) ensure that the agency has an opportunity to review and revise its actions before seeking judicial intervention, preserving judicial resources and administrative autonomy, and (2) ensure that a reviewing court has a complete evidentiary record. *Noriega-Lopez v. Ashcroft*, 335 F. 3d 874, 881 (9th Cir. 2003); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996). Without a complete record explaining BOP's actions and its reasoning, any reviewing Court lacks an adequate evidentiary basis upon which to review such complaints. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

after sentencing. 18 U.S.C. §§ 3585(a), 3621(b); *See* 28 C.F.R. § 0.96 ("The Director of the Bureau of Prisons is authorized to exercise or perform the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons . . . charged with or convicted of offenses against the United States . . ."); *Wilson,* 503 U.S. at 335. 18 U.S.C. § 3624 states that it is the BOP, not the district court, that determines whether a federal prisoner should receive good time credit.

The authority to calculate and award good-time credits rests with the BOP. *Powell*, 2019 WL 1521972, at *2. The First Step Act ("FSA") governs the calculation of federal prison sentences. Section 102(b) of the FSA, amended 18 U.S.C. § 3624(b), allows federal inmates to earn additional good time credits. *See* P.L. 115-391, § 102(b)(1). The FSA allows eligible inmates who successfully complete evidence-based recidivism reduction programming to earn time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A). A prisoner is ineligible to receive time credits if the prisoner is serving a sentence for a disqualifying offense. 18 U.S.C. § 3632(d)(4)(D).[2] 18 U.S.C. § 3584 addresses multiple sentences of imprisonment and specifically provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c).

Butler has multiple sentences running concurrently. Butler's multiple terms of imprisonment contain a revocation sentence which eliminated his eligibility. Presumably because Butler's revoked sentence included possession of a firearm in furtherance of a drug trafficking

[2] The BOP codified its procedures at 28 C.F.R. § 523.41(d), which states that "[a]ny inmate sentenced to a term of imprisonment pursuant to a conviction for a Federal criminal offense, or any person in the custody of the Bureau, is eligible to earn FSA time credits, subject to the exception described in paragraph (d)(2) of this section." Section 523.41(d)(2) explains that if the "inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. 3632(d)(4)(D)," "the inmate is not eligible to earn FSA time credits." *Id., see also* § 3632(d)(4)(D)(xxii).

crime and is ineligible for FSA time credits, the BOP found him ineligible to earn time credits during the term of the aggregate sentence. 18 U.S.C.§ 3632(d)(4)(D)(lxvii). Butler requests that the sentences not be treated as aggerated so that he can be permitted to earn FSA credits for the portion of his sentence related to the drug crime (he recognizes that he is prohibited from earning the FSA credits for his revocation sentence).

While the Sixth Circuit has not addressed this issue directly, other Courts have consistently held that the effect of § 3584(c) is to exclude prisoners in Butler's situation from eligibility under the FSA. *See, e.g., Teed v. Warden FCI Allenwood*, No. 23-1181, 2023 WL 4556726, at *1-2 (3d Cir. July 13, 2023); *Washington v. FCI Williamsburg Warden*, No. CV 4:25-13045-JFA-TER, 2025 WL 3464522, at *3 (D.S.C. Nov. 4, 2025), *report and recommendation adopted,* No. 4:25-CV-13045-JFA-TER, 2025 WL 3461507 (D.S.C. Dec. 2, 2025); *Wallace v. Knight*, No. 22-CV-6705 (KMW), 2023 WL 4954727, at *1 (D.N.J. Aug. 3, 2023); *Cortez v. Hemingway*, No. 2:22-CV-12234, 2023 WL 4274957, at *2 (E.D. Mich. June 29, 2023); *Patillar v. Goldey*, No. 22-CV-0866, 2023 WL 4307651, at *2-3 (W.D. Okla. May 26, 2023); *Rose v. Yates*, No. 2:22-CV-0214 (BSM/PSH), 2023 WL 3198298, at *2-3 (E.D. Ark. May 2, 2023); *Ledford v. LeMaster*, No. 23-CV-0030, 2023 WL 2905376, at *3 (E.D. Ky. Mar. 28, 2023); *Goodman v. Sage*, No. 4:22-CV-0981, 2022 WL 18028148, at *3 (M.D. Penn. Dec. 30, 2022) (noting that "[t]his argument ... has been consistently rejected by courts within and beyond this district"); *Giovinco v. Pullen*, No. 3:22-CV-1515 (VAB), 2023 WL 1928108, at *2-3 (D. Conn. Feb. 10, 2023).

Additionally, an unpublished Fourth Circuit decision on October 3, 2023, *McNeill v. Ramos*, No. 23-6488, 2023 WL 6442551, at *1 (4th Cir. Oct. 3, 2023) (unpublished), upheld the district court's finding that "McNeill was ineligible for sentencing time credits. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii)." Instructive is that the district court appears to have addressed, at least in

part, Butler's argument that even though he may be statutorily ineligible to receive time credits for his revocation conviction, he should receive FSA time credits for his consecutive drug-crime sentence. The district court found the argument was statutorily foreclosed quoting:

> 18 U.S.C. § 3584(c) ('multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.'); *accord Goodman*, No. 4:22-cv- 00981, 2022 WL 18028148, at *3 (rejecting an argument that a § 2241 petitioner's sentences for different offenses may be bifurcated to allow receipt of partial FSA 'time credits,' because this argument 'runs counter to the plain language of 18 U.S.C. § 3584(c)'); *Keeling v. LeMaster*, No. 22-CV-00096-GFVT, 2022 WL 17407966, at *2 (E.D. Ky. Dec. 2, 2022)(Denying a § 2241 petition seeking FSA 'time credits' because the petitioner's aggregate sentence included a § 924(c) conviction); *Sok v. Eischen*, No. 22-CV-458 (ECT/LIB), 2022 WL 17156797, at *6 (D. Minn. Oct. 26, 2022) ("Because petitioner's aggregate sentence includes a sentence predicated on a violation of 18 U.S.C. § 924(c) he is ineligible to earn time credits under the First Step Act."), report and recommendation adopted, No. 22 CR-458 (ECT/LIB), 2022 WL 17128929 (D. Minn. Nov. 22, 2022).

*Id.* (ECF No. 7). This was upheld by the Fourth Circuit.

Based on the mandatory statutory language of 18 U.S.C. § 3584(c), BOP's aggregation of consecutive sentences for the purpose of determining that he is ineligible to earn FSA time credits due to the disqualifying offense stemming from the § 924(c) conviction appears proper.

**CONCLUSION**

For the reasons set forth above, Butler's Motion to Clarify Judgment [DE 42] is **DENIED**.

November 18, 2026

Rebecca Grady Jennings, District Judge
United States District Court

Cc: Defendant, pro se